IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GREG HANSEN, MARY HANSEN, ROSCOE CORELL, and LAWRENCE DONLAN, Individuals, ) ) ) ) Plaintiffs, ) ) v. ) ) LEE POLIKOV, in his capacity as Sarpy County Attorney, and JOHN W. STACEY, in his capacity as Chief of the Bellevue Police Department, ) ) ) ) ) ) Defendants. ) | 4:07CV3261 **MEMORANDUM AND ORDER AND CERTIFICATION TO THE ATTORNEY GENERAL OF THE STATE OF NEBRASKA** |

Bringing both a facial and an applied challenge, the plaintiffs claim that Neb. Rev. Stat. § 28-1317[1] ("Unlawful Picketing Statute") and Neb. Rev. Stat. § 28-1322[2] ("Disturbing the Peace Statute") are unconstitutional because those statutes violate the free speech clause of the First Amendment and the equal protection clause of the Fourteenth Amendment. (Filing 1.) Essentially, they argue that the law wrongly precludes them from trying to persuade people who work for abortion providers to quit their jobs.

---

[1]Although a date is given in the complaint for the year the statute was originally enacted, the complaint fails to cite the year of the code that the plaintiffs challenge. There is some suggestion in one defendant's brief that the challenged statute may have been amended during the relevant time period. (Filing 22, at CM/ECF p. 4.) There is also a suggestion in one of the plaintiffs' briefs that they may not challenge the entirety of the statute. (Filing 27, at CM/ECF p. 1 n.1.) As discussed later, we need to clear up these ambiguities.

[2]*See* note 1.

The plaintiffs seek a declaratory judgment and prospective injunctive relief. No damages are sought. The defendants are *not* sued in their *individual* capacities.

In general, the complaint states that the plaintiffs are abortion protestors (my description) who have demonstrated in front of the residences of two women who worked at a medical facility that provided abortion services. The defendants are the local prosecutor and the local chief of police. The plaintiffs claim that the defendants have prosecuted and ticketed them as a result of the demonstrations.

The defendants move to dismiss. Both motions are explicitly predicated upon Fed. R. Civ. P. 12(b)(6). (Filing 16 (Polikov's motion); Filing 21 (Stacey's motion).) Simply put, the complaint states a claim upon which relief may be granted and there is no other apparent basis to dismiss it.[3] Accordingly, the motions will be denied.

---

[3]As for the assertion that the plaintiffs lack "standing," given the detailed allegations of the complaint asserting that the plaintiffs have been unsuccessfully prosecuted and yet repeatedly ticketed for their "speech," I am not persuaded by the defendants' arguments. *See*, *e.g.*, *Douglas v. Brownell*, 88 F.3d 1511, 1515-16 (8th Cir. 1996) (abortion protestors who engaged in residential picketing had standing to bring an applied and facial challenge to city ordinances regulating picketing and requiring parade license). As for the claim of the county attorney that he has "absolute immunity" (filing 17, at CM/ECF pp. 19-20), that assertion lacks merit given the nature of the relief sought by the plaintiffs. As the Supreme Court has said:

> Prosecutors enjoy absolute immunity from damages liability, *Imbler v. Pachtman*, 424 U.S. 409 (1976), but they are natural targets for § 1983 injunctive suits since they are the state officers who are threatening to enforce and who are enforcing the law. *Gerstein v. Pugh*, 420 U.S. 103 (1975), is only one of a myriad of such cases since *Ex parte Young*, 209 U.S. 123 (1908), decided that suits against state officials in federal courts are not barred by the Eleventh Amendment. If prosecutors and law enforcement personnel cannot be proceeded against for declaratory relief, putative plaintiffs would have to await the institution of state-court proceedings against them in order to assert their

The foregoing notwithstanding, the plaintiffs must clarify several things in order that this case may properly progress. In addition, the court will notify the Attorney General of the State of Nebraska that the plaintiffs have challenged two Nebraska statutes.

IT IS ORDERED that:

1. The motions to dismiss (filings 16, 21) are denied without prejudice to motions for summary judgment.

2. No later than March 31, 2008, the plaintiffs shall file a response to this memorandum and order that satisfies the following requirements:

- A. The plaintiffs shall certify that they have complied with the provisions of Federal Rule of Civil Procedure 5.1(a)(1)(B) & (a)(2). They shall also provide evidence by way of affidavit that the Attorney General of the State of Nebraska has been notified as required by Rule 5.1.

- B. The plaintiffs shall provide a citation to each challenged statute that is generally consistent with Rule 12 of *The Bluebook* (18th ed.

---

federal constitutional claims. This is not the way the law has developed . . . .

*Supreme Court of Virginia v. Consumers Union of the United States*, 446 U.S. 719, 737-737 (1980) (parallel citations omitted). *Accord Heartland Academy Community Church v. Waddle*, 427 F.3d 525, 531 (8th Cir. 2005) (citing and quoting *Consumers Union* for the proposition that "prosecutors, as state enforcement officers, are 'natural targets for § 1983 injunctive suits.'").

    2005). The plaintiffs shall include in that citation the year of the code referred to in the citation. If the entirety of a statute is not challenged, the plaintiffs shall cite only the portion of the statute that is challenged. The plaintiffs shall also quote the language of each statute or portion thereof that is challenged.

  3. Pursuant to 28 U.S.C. § 2403(b) and Fed. R. Civ. P. 5.1(b), the court hereby gives notice to the Attorney General of the State of Nebraska that the plaintiffs have challenged the constitutionality of Neb. Rev. Stat. § 28-1317 and Neb. Rev. Stat. § 28-1322. The State of Nebraska shall have 60 days from today's date to intervene.

  4. The Clerk of the Court is directed to serve a copy of this Memorandum and Order on the Attorney General of the State of Nebraska by certified mail, return receipt requested, and the Clerk shall file proof of service in the court file.

  DATED this 17th day of March, 2008.

            BY THE COURT:

            s/ *Richard G. Kopf*
            United States District Judge