IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GREG HANSEN, MARY HANSEN, ROSCOE CORELL, and LAWRENCE J. DONLAN, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>LEE POLIKOV, in his capacity as Sarpy County Attorney, and JOHN W. STACEY, in his capacity as Chief of Bellevue Police Department, )<br>)<br>)<br>)<br>)<br>Defendants. )<br>) | 4:07CV3261<br><br>**CONSENT DECREE<br>AND JUDGMENT** |

Pursuant to the parties' Joint Motion for Consent Decree (filing 80),

IT IS ORDERED:

1. Neb. Rev. Stat. § 28-1317(1)(b) and (e) (the "Unlawful Picketing Statute") provides in part:

    (1) A person commits the offense of unlawful picketing if either singly or by conspiring with others, he or she interferes, or attempts to interfere, with any other person in the exercise of his or her lawful right to work, or right to enter upon or pursue any lawful employment he or she may desire, in any lawful occupation, self-employment, or business carried on in this state, by

    . . . .

>  (b) Following or intercepting such person from or to his or her work, from or to his or her home or lodging, or about the city, against the will of such person, for such purpose; or
>
>  . . . .
>
>  (e) Picketing or patrolling the place of residence of such person, or any street, alley, road, highway, or any other place, where such person may be, or in the vicinity thereof, for such purpose, against the will of such person.

2. Neb. Rev. Stat. § 28-1322 (the "Disturbing the Peace Statute") provides:

>  (1) Any person who shall intentionally disturb the peace and quiet of any person, family or neighborhood commits the offense of disturbing the peace.

3. Plaintiffs were prosecuted under Neb. Rev. Stat. § 28-1317(1)(b) as a result of residential pickets taking place on April 11, 2006, April 14, 2006, and October 26, 2007. Plaintiffs were prosecuted under Neb. Rev. Stat. § 28-1317(1)(e) as a result of a residential picket taking place on October 26, 2007. Plaintiffs were prosecuted under the Disturbing the Peace Statute as a result of residential pickets taking place on April, 11, 2006, April 14, 2006, May 2, 2007, and October 26, 2007. In each instance, Plaintiffs were acquitted or charges were dismissed by the Defendants.

4. On November 24, 2008, Defendant City of Bellevue enacted Ordinance 3486, found in the Bellevue City Code at Section 20-31 to 20-37. Said Ordinance regulates focused residential picketing. A certified copy of the Ordinance is attached to the parties' Joint Motion for Consent Decree (filing 80), and is incorporated herein by reference.

5. The Parties agree, and it is ordered, that the Defendants and their agents will not issue citations, make arrests, or file criminal charges against the Plaintiffs for violations of Neb. Rev. Stat. § 28-1317(1)(b) and (e) (the "Unlawful Picketing Statute"). However, the Defendants are not restricted from issuing citations, making arrests, or filing criminal charges for conduct that, as is

observed by or reported to the Defendants or their agents, is a violation of Bellevue City Ordinance 20-31 to 20-37.

6. The Parties agree and stipulate, and it is ordered, that the Defendants and their agents agree not to issue citations, make arrests, or file criminal charges against the Plaintiffs for violations of Neb. Rev. Stat. § 28-1322 (the "Disturbing the Peace Statute") for engaging in peaceful residential protests, demonstrations, and pickets. For these purposes, "peaceful" shall mean the absence of violence or a reasonable threat of violence on the part of the Plaintiffs, the absence of abusive or threatening language or gestures constituting fighting words directed toward another person or persons, and the absence of a device which reproduces or amplifies the human voice, radio broadcasts, or musical recordings in or upon any street, alley, sidewalk, or other public place in such a manner as to be audible to other persons in such public place more than one hundred feet from the source.

7. The Parties further agree, and it is ordered, that prior to initiating any citation or prosecution of Plaintiffs for residential protests, demonstrations, and/or pickets, and prior to involving this Court in any motion alleging a violation of the requested Consent Decree, counsel for Plaintiffs and Defendants will confer and attempt to reach an amicable resolution concerning any alleged unlawful speech or conduct.

8. The parties agree, and it is ordered, that Defendants are enjoined from enforcing and/or applying Neb. Rev. Stat. § 28-1317(1)(b) and (e) to peaceful residential protests, and Defendants are further enjoined from enforcing and/or applying Neb. Rev. Stat. § 28-1322 to the extent described in this Consent Decree and Judgment.

9. Defendants shall pay attorney's fees and expenses to Plaintiffs' counsel in the amount of $ 125,000. Such payment shall be made to Plaintiffs' counsel, Ogborn, Summerlin & Ogborn, P.C., by Defendants within 14 days of the date the Joint Motion for Consent Decree (filing 80) was filed with this Court.

10. All remaining claims associated with this case are dismissed with prejudice. This Court shall retain jurisdiction of this action solely for the purpose of enforcing the terms of this Consent Decree and Judgment, should such need

arise.

DATED this 2nd day of April, 2009.

> BY THE COURT:
> s/ *Richard G. Kopf*
> United States District Judge